IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS DELGADO,<br><br>        Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. CV 15-8211 CAS (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this state habeas action based on Petitioner's failure to: (a) sign the habeas petition; and (b) respond to court orders.

\* \* \*

Petitioner filed this habeas action in late 2015 to challenge his state court murder conviction. (Docket # 1.) The California Attorney General responded to the petition in March 2016. (Docket # 17.) The Attorney General requested that the Court dismiss the action based on Petitioner's failure to sign or verify the original pleading. (Id. at 16-17.)

Magistrate Judge Wilner issued an order after reviewing the Attorney General's submission. (Docket # 19.) Judge Wilner informed Petitioner that he could cure the error that the Attorney General identified by "verifying under penalty of perjury that he filed the petition stating the claims asserted." (Id.) Judge Wilner set an April 2016 deadline for Petitioner to submit his verification and any other reply to the Attorney General's filing. Petitioner did not respond to Judge Wilner's order or the Attorney General's motion.

In May 2016, Judge Wilner issued a second order. (Docket # 20.) Judge Wilner noted Petitioner's failure to comply with the Court's earlier order. Additionally, the Court observed that Petitioner did not sign other case commencing documents submitted in the case (IFP declaration (Docket # 1 at 19) and magistrate judge consent form (Docket # 3)). Judge Wilner found this "sufficient to raise a question regarding the legitimacy and validity of the action." (Docket # 20 at 2 (citing Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).) Judge Wilner again ordered Petitioner to file a signed attestation to verify the original habeas petition. The order expressly advised Petitioner that failure to comply could lead to a recommendation that the case be dismissed for failure to prosecute or to abide by the rules and orders of the Court. (Docket # 20 at 2.)

Petitioner failed to respond to the Court's second order. A review of the docket reveals that Petitioner has not filed anything with the Court since the commencement of the action nine months ago.

\* \* \*

Habeas Rule 2(c)(5) states that a habeas petition "must [ ] be signed under penalty of perjury by the petitioner." The rule tracks the statutory provision that a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended." 28 U.S.C. § 2242.

A federal court "may dismiss[ ] an unsigned and unverified petition" in a habeas action. Hendricks, 908 F.2d at 491. The decision to dismiss an unsigned habeas petition rests with the discretion of the district court. Gomez v. MacDonald, No. ED CV 13-1367 VBF (SH), 2014 WL 1330528 at *3 (C.D. Cal. 2014) ("in keeping with the customary practice of judges in this district, the Court will exercise its discretion to dismiss the petition" for failure to sign).

Among the facts to consider in exercising this discretion is whether Petitioner properly signed other documents in the action and had adequate opportunity to cure the defective pleading. Martin v. Marshall, No. CV 09-1033 RGK (AJW), 2009 WL 3122551 at n.2 (C.D. Cal. 2009) (prisoner failed to sign petition, but did sign proof of service); Nguyen v. Busby, No. SA CV 11-992 DDP (FMO), 2011 WL 9158277 (C.D. Cal. 2011) (prisoner cured signature error by filing signed, amended petition after notice from court); remanded on other grounds, 2012 WL 4513784 (C.D. Cal. 2012); Gomez, 2014 WL 1330528 at *3 ("Petitioner has already had at least three opportunities to avert dismissal by simply signing and verifying a copy of his own petition.").

The Court concludes that dismissal of the action is appropriate here. Petitioner failed to sign his original petition. The Attorney General noted this and requested that the defect be cured or that the action be dismissed. The assigned magistrate judge gave Petitioner several chances to do so. Petitioner apparently ignored all of this. In addition, Petitioner did not personally sign other case-commencing documents, has not actively participated in the litigation, and did not augment his legal arguments in response to the other aspects of the Attorney General's submission. Petitioner's failure to comply with Habeas Rule 2(c), Section 2242, and this Court's orders justifies dismissal of the action.

Dismissal is also proper under Federal Rule of Civil Procedure 41. Rule 41(b) provides that if a party "fails to prosecute or to comply with these rules

or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

These factors weigh heavily in favor of dismissal. The Court, the Attorney General, and the public have a considerable interest in the prompt resolution of this action. Omstead, 594 F. 3d at 1084. By ignoring the Court's orders over the past few months, Petitioner demonstrated that he has no interest in advancing the case. Furthermore, because Petitioner is a pro se litigant who did not abide by the Court's recent orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: July 22, 2016

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4